[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case came to this court as a uncontested dissolution. The reason the court took the papers on this case was because of the very comprehensive agreement that the parties entered into which the court refused to incorporate in its entirety into the decree of dissolution. The court heard the parties. The court finds that the parties were married in Seaford, New York, on November 22, 1951. One of the parties has lived in Connecticut for at least a year prior to the date of the complaint. The court finds the marriage has broken down irretrievably. There are no minor children issue of this marriage. Neither of the parties is CT Page 4842 receiving nor have they received in the past any state welfare benefits. Accordingly the court enters the following orders :
1. The court grants a legal separation on the grounds of irretrievable breakdown.
2. The court has reviewed the very comprehensive agreement between the parties dated the 25th day of February, 1993. The court orders that agreement become part of the court file. The court further incorporates into its decree of legal separation the following articles from that agreement. Article Four, Alimony. Article Five, Medical Insurance. Article Six, Financial Information. Article Seven, Life Insurance. Article Nine, Taxes. Article Ten, Past and Future Debts. Article Eleven, Mutual Releases. Article Twelve, Situs. Article Thirteen, Judgement or Decree. Article Fourteen, Legal Counsel. Article Fifteen, Miscellaneous.
3. The court notes in passing that the agreement provides in Article One for Separation, Article Two for Real Property, Article Three for Personal Property, all of which articles are not incorporated by reference in the decree of legal separation but rather are recognized by this court to be binding contractual relationships which the parties may enforce in contract rather than through the decree of dissolution. The court further notes that Article Sixteen provides for Arbitration and Mediation for their contractual disputes.
This court would request that before they come back to court, seeking contempt of any of the incorporated orders, that they would in fact seek arbitration/mediation first.
KARAZIN, J.